IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE:                                          )
AREDIA and ZOMETA PRODUCTS                      )
LIABILITY LITIGATION                            ) NO. 3-06-MD-1760
                                                ) JUDGE CAMPBELL
This Document Relates To Case Number:           )
3:06-0496 (Baldwin/Winter)                      )

ORDER

Pending before the Court is Defendant's *Daubert* Motion to Exclude Testimony of Plaintiff's Expert Dr. Donald Marks (Docket No. 3499). For the reasons stated herein, the Motion is DENIED.

Dr. Marks is a doctor of internal medicine with a separate doctorate in microbiology. Docket No. 3500-15 (Dr. Marks' expert report). He has more than 25 years' experience in both clinical and pharmaceutical medicine. *Id*. He stated that he is familiar with the standards of practice relating to drug-induced adverse events. *Id*.

Dr. Marks accepted, for purposes of his opinion, that Ms. Baldwin suffered from bisphosphonate-induced ONJ. He opined on the likely impact of the ONJ on her weight loss and, ultimately, on her death. Dr. Marks' expert report states that Ms. Baldwin's ONJ directly contributed to her death and was a substantial factor in causing her death by increasing her level of malnutrition above and beyond that expected from cancer alone. Docket No. 3500-15. He opined that Ms. Baldwin died of metastatic cancer accelerated by malnutrition. *Id*.; *see also* Docket No. 3559-4, p. 35 (p. 119 of Dr. Marks' deposition). "I'm not saying that the osteonecrosis of her jaw caused her death. I said that it contributed to her death and was a substantial factor in causing her death . . . ."*Id*.

EXPERT TESTIMONY UNDER RULE 702 AND *DAUBERT*

Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

A trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 113 S.Ct. 2786, 2795 (1993). This requirement entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology can be applied properly to the facts in issue. *Sigler v. American Honda Motor Co.*, 532 F.3d 469, 478 (6th Cir. 2008); *Bland v. Verizon Wireless, LLC*, 538 F.3d 893, 896 (8th Cir. 2008).

Under *Daubert*, the proponent of an expert witness must demonstrate that (1) the witness is qualified by knowledge, skill, experience, training or education, (2) the testimony of that expert witness is relevant, meaning that it will assist the trier of fact to understand the evidence or to determine a fact in issue, and (3) the testimony of that expert witness is reliable. *In re Scrap Metal Antitrust Litigation*, 527 F.3d 517, 529 (6th Cir. 2008).[1]

---

[1] The Court in *Daubert* identified several factors that may bear on the inquiry, but it took care to emphasize that the inquiry is a flexible one. *See Nelson v. Tennessee Gas Pipeline Co.*, 243 F.3d 244, 251 (6th Cir. 2001). The trial court must consider whether the factors are reasonable measures of reliability in a given case. *Id*. Those factors are (1) whether a theory or technique can be or has been tested; (2) whether it has been subjected to peer review and publication; (3) whether a technique has a known or potential rate or error and the existence of standards controlling its operation; and (4) whether the theory or technique enjoys general acceptance in a relevant scientific community. *Id*. at 251, n. 5.

The Sixth Circuit Court of Appeals has stated that "*Daubert* attempts to strike a balance between a liberal admissibility standard for relevant evidence on the one hand and the need to exclude misleading 'junk science' on the other." *Best v. Lowe's Home Centers, Inc.*, 563 F.3d 171, 176 (6th Cir. 2009). The Rule 702 inquiry is a flexible one, and the focus must be solely on principles and methodology, not on the conclusions they generate. *Id*. at 177. An expert who presents testimony must employ in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field. *Id*.

The court must be sure not to exclude an expert's testimony on the ground that the court believes one version of the facts and not the other. *In re Scrap Metal*, 527 F.3d at 529. The task for the Court in deciding whether an expert's opinion is reliable is not to determine whether it is correct, but rather to determine whether it rests upon a reliable foundation, as opposed to unsupported speculation. *Id*. at 529-530. Rejection of expert testimony is the exception, rather than the rule. *Id*. at 530.

The Court finds that, for purposes of summary judgment, Dr. Marks' testimony is sufficiently reliable and more than unsupported speculation. He is qualified to opine about the effects of ONJ on malnutrition and the effects of malnutrition on the clinical course of someone with cancer. Defendant's attacks on Dr. Marks' methodology, qualifications and opinions go to the weight of this evidence, not to its admissibility. For these reasons, Defendant's *Daubert* Motion to Exclude Testimony of Plaintiffs' Expert Dr. Donald Marks (Docket No. 3499) is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE